No. 10,129.

ROBERTS *v.* THE PEOPLE.

Decided March 6, 1922.

Plaintiff in error was convicted of obtaining money by false pretenses.

*Reversed.*

1.  CRIMINAL LAW—*False Pretenses—Intent.* To constitute the offense of obtaining money by false pretenses, there must be an intent to defraud.

2.  *Presumption of Knowledge of the Law—Intent.* The presumption which is indulged to prevent a violator of the law from escaping a penalty on the ground of ignorance, cannot be used to supply the intent to violate another law.

3.  *False Pretenses—Injury.* To justify a conviction of obtaining money by false pretenses, there must be positive evidence that the complaining party suffered loss on the transaction.

*Error to the District Court of Kit Carson County, Hon. Arthur Cornforth, Judge.*

Mr. LOUIS VOGT, Messrs. ALLEN & WEBSTER, for plaintiff in error.

· Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. SAMUEL CHUTKOW, assistant, for the people.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was convicted on a charge of obtaining money by false pretenses, and brings error.

The information alleged that the defendant had induced one Miller to purchase a pool hall and a stock of cigars, etc., by representing that he was the owner thereof, and that

there was nothing owing on it, that he thereby obtained $166.09 of said purchaser's money.

The evidence showed that Miller purchased the pool hall and stock for $1,300.00, and later, having learned that some of the stock had not been paid for, and that, not having complied with the law governing the sale of a merchandise stock in bulk, he had not acquired title to said goods, he paid for them to the amount above stated.

The prosecution relied, and still relies upon the evidence tending to show that defendant represented that the stock was clear, except a chattel mortgage which he agreed to pay and paid.

The defendant insists that the evidence fails to establish two necessary elements of the offense charged, viz., intent to defraud, and an actual defrauding.

Upon the question as to what defendant stated about the bills, the evidence is conflicting, and need not be considered. It is unquestioned that when the sale was negotiated, any balance due for merchandise was a simple obligation of the defendant, with no lien on the goods. When the sale was completed, without compliance with the bulk sales law, a lien or liens attached, or at least became possible.

Miller testified that because of said law he was compelled to pay said sum. It was therefore that law which caused the injury to Miller. To constitute the offense charged, there must be an intent to defraud, but if the defrauding results only from the application of the law, there could be no intent on the part of defendant unless he knew of the law and its effect in such a case. It does not appear that either party to the sale had any knowledge of the law.

It is true that everyone is presumed to know the law, but such presumption does not form a basis for a second presumption of intent to defraud. In other words, the presumption which is indulged to prevent a violator of a law from escaping a penalty on the grounds of ignorance, cannot be used to supply an intent to violate another law.

On this record it cannot be said that defendant intended to defraud Miller.

There is lacking also evidence that Miller was in fact defrauded. The record shows the amount paid for the poolroom, but there is nothing to show how much the thing sold was worth. To justify a conviction there must be positive evidence that Miller suffered loss on the transaction.

For these reasons the judgment is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE BAILEY concur.