## No. 11,007.

### PEOPLE *v*. BARTELS.

Decided June 15, 1925.

Defendant in error was acquitted on a charge of obtaining money by false pretenses.

*Judgment Disapproved.*

1.   CRIMINAL LAW—*False Pretenses—Instruction.* To constitute the crime of obtaining money by false pretenses, it is not necessary that the prosecutor should suffer a pecuniary loss, and an instruction to the jury announcing a contrary rule, is erroneous.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. PHILIP S. VANCISE, Mr. KENNETH W. ROBINSON, for the people.

Mr. N. WALTER DIXON, Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error was prosecuted for obtaining money by false pretenses.   A verdict of not guilty was returned by the jury and the district attorney brings the cause

here on error under sec. 7113 C. L. 1921, which provides: "Writs of error shall lie on behalf of the state, or the people, to review decisions of the trial court in any criminal case upon questions of law arising upon the trial, * * * *."

The indictment charged that defendant was employed by a school district to purchase for it a tract of land for the lowest price at which it could be obtained and was to be paid therefor, as commission, an agreed per cent of the purchase price; that he bought the tract and transferred it to the district and received payment according to his account rendered which showed that the purchase price was $25,000; that in fact he had made the purchase for $24,000 and had thus unlawfully obtained from the district and appropriated to his own use the difference of $1,000 and a commission thereon of $25. There was ample evidence to support the charge. It was also in evidence and undisputed that the tract was worth $25,000. Instruction No. 15, given by the court reads: "The jury are instructed that one of the essential and material elements going to constitute the offense charged against the defendant is that the School Board was in fact defrauded. It is necessary before the defendant can be convicted in this case, therefore, that the state shall have proved to your satisfaction, beyond a reasonable doubt, that the School Board was in fact defrauded, otherwise the defendant is entitled to his acquittal; *and in this connection, unless the state has established by evidence beyond all reasonable doubt, that the property described in the indictment, namely: Lots 15 to 20, Block 189, Clements' Addition, was not worth the price which the School Board paid for it to the defendant, then the School Board has not been defrauded, and in such case you will find the defendant not guilty.*"

That instruction was objected to by the people and the giving of it is the only alleged error assigned. If it correctly stated the law there was nothing to go to the

jury and defendant's motion for a directed verdict should have been sustained.

Counsel for defendant have filed an able and extensive brief covering many points in the case and supporting the contention that defendant was not guilty. We are, however, called upon to consider only the single question of the correctness of said instruction, and even that duty is almost obviated by the following admission, which we quote from defendant's brief: "We agree that to make out a case of obtaining money under false pretenses it is not necessary that the prosecutor should sustain a pecuniary loss."

All the authorities are to that effect and the admission was amply justified. Some language which, standing alone, is capable of a contrary construction is to be found in *Roberts v. People,* 71 Colo. 198, 205 Pac. 272. If such a construction were correct, the Roberts case would be overruled by *Pepper v. People,* 75 Colo. 348, 353; 225 Pac. 846. But even under that construction of the Roberts Case most favorable to defendant, said instruction No. 15 was erroneous. The School Board was entitled, under its alleged contract, to the lowest price on the tract. Under its evidence it paid $1025.00 more than that, which sum defendant obtained by his false representations. The district sustained pecuniary loss to that extent, irrespective of the value of the tract, and to that extent was defrauded. The italicized portion of the instruction incorrectly interpreted the term "defrauded" as applied to the transaction in question. We know of no authority which supports that interpretation. The instruction was clearly erroneous.

The judgment is accordingly disapproved.